UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MARK D. ANTHONY | NO.: 18-00069-BAJ-EWD |

### RULING AND ORDER

Before the Court is the **Motion to Suppress Evidence and/or Motion in Limine (Doc. 22)** filed by Defendant Mark Anthony, opposing the introduction of evidence seized on March 4, 2018 at the trial in this matter. (Doc. 22 at p. 1) The Government filed a Response. (Doc. 24) The Court held an evidentiary hearing on December 20, 2018. For the reasons stated herein, the **Motion to Suppress and/or Motion in Limine (Doc. 22)** is **DENIED**.

I. **BACKGROUND**

On March 4, 2018, a Baton Rouge Police Department ("BRPD") officer responded to a "ShotSpotter" alert which detected a shot fired in Baton Rouge, LA. (Doc. 24 at p. 1) The officer discovered Defendant at the scene. (*Id.*) Body camera footage depicted the officer issuing a verbal warning to Defendant after the officer allegedly witnessed him holding a gun. (*Id.*) After detaining Defendant, the officer walked to the area where Defendant had been standing and discovered a handgun. (*Id.*) The officer determined that the handgun was stolen, and that Defendant had been convicted of at least one felony offense. (*Id.*) Defendant claimed that the handgun belonged to his sister. (*Id.*) DNA swabs were taken from the handgun, the

magazine, and the ammunition. (*Id.* at p. 2) DNA swabs were also taken from Defendant pursuant to a state court search warrant. (*Id.*)

Following Defendant's indictment and during the discovery phase of these proceedings, the Government represented to Defendant that neither DNA nor an accompanying expert would be produced at trial. (*Id.*) Despite this, on September 5, 2018, the Government produced a laboratory report from the Louisiana State Police Crime Laboratory, confirming the presence of Defendant's DNA on the items tested. (Doc. 22 at p. 2) The Government then reversed course and notified Defendant of its intention to introduce the finding at trial. Defendant now moves to exclude the report as well as any accompanying supporting expert witnesses at trial.

## II. DISCUSSION

### A. Federal Rule of Evidence 403

Defendant argues that the laboratory report is inadmissible under Rule 403, which provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

While the laboratory report is prejudicial to Defendant's case, the Government's delay in providing it does not render its use unfair. The Government received the laboratory report on September 5, 2018 and forwarded it to Defendant on the same day. (Doc. 24 at p. 3) This occurred twenty days after the close of discovery, but still five months before the trial date. As such, the Court does not find the requisite level of unfairness to justify the exclusion of the report. In fact,

2

Defendant has failed to point to any evidence to show that he would be unfairly prejudiced by the admission of the report and testimony. *United States v. Caldwell*, 20 F.2d 1395, 1404 (5th Cir. 1987) (finding that Rule 403 is an "extraordinary" measure). Moreover, the Court does not find that the laboratory report would confuse or mislead the jury, or that it is cumulative evidence. Accordingly, Defendant is not entitled to the exclusion of the report under Federal Rule of Evidence 403.

### B. Federal Rule of Criminal Procedure 16

Defendant argues that the Government has violated its Rule 16(a)(1) discovery obligations by failing to timely disclose the laboratory report and the expert witnesses who will be testifying to the report's contents. FRCP 16(a)(1) provides that upon a defendant's request, the Government must disclose any reports of examinations or tests and a summary of any testimony to be provided by expert witnesses. Defendant seeks, as an appropriate sanction, the exclusion of the laboratory report and accompanying expert witnesses and asserts that a district court is within its authority to manage its docket by enforcing a pretrial discovery order and excluding expert testimony. (Doc. 22-1 at p. 5) (citing *U.S. v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir.2008)).

The United States Court of Appeals for the Fifth Circuit has held that when considering the imposition of sanctions for discovery violations, a Court should consider the following factors: (1) the reasons why disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances. *United*

3

States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000). Moreover, the Fifth Circuit has repeatedly emphasized that in fashioning a sanction for a discovery violation, the district court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000).

As stated previously, the Government did not timely disclose the laboratory report because it did not receive the report until September 5, 2018, twenty days after the close of discovery. On that same day, however, the Government forwarded the report to Defendant. (Doc. 24-11 at p. 11) While the late disclosure of the report constitutes a technical violation of the discovery order, nothing offered by Defendant suggests that it was due to bad faith on the part of the Government. Moreover, any potential prejudice to Defendant is cured by the fact that Defendant received it five months prior to the start of trial. Defendant has been provided with ample time to consider the results of the testimony and to attempt to amass evidence to rebut it. Accordingly, Defendant is not entitled to the exclusion of the laboratory report or accompanying expert witnesses.

### C. Constitutional Violations

Defendant appears to argue that the use of the laboratory report at trial would violate his constitutional rights. However, the DNA samples used in the laboratory test were taken from Defendant pursuant to a valid state court warrant. The Court finds no other indication that such evidence was taken in violation of Defendant's constitutional rights nor has Defendant pointed to any such violations with

4

specificity. As such, Defendant is not entitled to suppression of the report on constitutional grounds.

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Suppress and/or Motion in Limine (Doc. 22)** is **DENIED.**

Baton Rouge, Louisiana, this 25th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**